IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAL KENNEDY, SR.,<br>          Petitioner,<br><br>        v.<br><br>MS MASON, THE DISTRICT<br>ATTORNEY OF THE COUNTY OF<br>PHILADELPHIA AND THE ATTORNEY<br>GENERAL OF THE STATE OF<br>PENNSYLVANIA,<br>          Respondent. | CIVIL ACTION<br>NO.  20-3512 |

MEMORANDUM OPINION

Defendant Chal Kennedy, Sr. moves for emergency release on bond pending review of

his petition for federal habeas relief pursuant to 28 U.S.C. § 2254, in consideration of the dangers

posed by COVID-19.  For the reasons that follow, Kennedy's motion will be denied.

I.     BACKGROUND

Chal Kennedy, Sr. is currently serving a sentence of fifty to one hundred years in

Pennsylvania state prison.  While invading their home, Kennedy and his adult son terrorized a

couple and their children for two-hours, including threatening to kill one of the children and

holding a gun to one adult victim's head.  Police arrived and arrested Kennedy and his son while

the robbery was in progress.  A jury convicted Kennedy of aggravated assault, burglary, and

related crimes.

After appealing his conviction and pursuing post-conviction relief in state court, Kennedy

filed a federal habeas petition pursuant to 28 U.S.C. § 2254 that was docketed on July 16, 2020.

On October 1, 2020, while his habeas petition was still pending review, Kennedy moved for

release on bond pursuant to 18 U.S.C. § 3142.[1]  In his motion, Kennedy asserts that he suffers

from high blood pressure and kidney disease and is not a flight risk or danger to the community,

and therefore seeks release on bond while his habeas petition is litigated due to the COVID-19

pandemic.  The Government opposes Kennedy's motion, arguing that Kennedy has shown

neither a substantial constitutional claim with a high probability of succeed nor "extraordinary or

exceptional circumstances" warranting his release on bail.

## II.    DISCUSSION

A federal district court may grant bail to a state or federal prison whose federal habeas petition is

pending before the court.  *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992).  The grant of

release on bail is appropriate in habeas cases only where: 1) the petitioner has raised "substantial

constitutional claims upon which he has a high probability of success"; and, 2) "extraordinary or

exceptional circumstances exist which make the grant of bail necessary to make the habeas

remedy effective."  *Id*. (internal quotation marks and citation omitted).  In other words,

Petitioners seeking bail pending habeas review therefore carry a "high burden."  *Singleton*, 2006

WL 2520581, at *2.  Because the standard for release is deliberately stringent, "[v]ery few cases

have presented extraordinary circumstances."  *Id.*  While a prisoner's poor health may constitute

an extraordinary or exceptional circumstances warranting release on bond, courts have generally

limited such exceptional relief to "situations involving severe health problems or the impending

completion of the prisoner's sentence."  *Id.* (citations omitted); *see also Johnston v. Marsh*, 227

---

[1] Kennedy's citation to 18 U.S.C. § 3143, which "applies to federal prisoners seeking review of their federal sentences on appeal to a federal circuit court of appeals," is erroneous. *See Singleton v. Piazza*, 2006 WL 2520581, at *1 (E.D. Pa. Aug. 25, 2006) (explaining that "the appropriate motion for a state prisoner seeking federal habeas corpus review would be a motion requesting bail pending review of a petition for writ of habeas corpus."). Nevertheless, the authority for a district court to grant bail to a state prisoner pending review of a federal habeas petition is found in 28 U.S.C. § 2254. *See Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992) (citing *Lucas v. Hadden*, 790 F.2d 365 (3d Cir. 1986)).

F.2d 528, 529 (3d Cir. 1955) (granting bail to a petitioner with severe diabetes who was "rapidly

progressing toward total blindness" and would be released for immediate hospital treatment);

*Singleton v. Piazza*, 2006 WL 2520581, at *2 (E.D. Pa. Aug. 25, 2006) (denying motion because

the unproven allegations that petitioner needs future surgery to remove possibly cancerous

polyps and suffers from respiratory disease "simply do not rise to the level of immediate and

impending catastrophic illness discussed by the Third Circuit" under the extraordinary

circumstances standard for release pending habeas review).

Even in consideration of the COVID-19 pandemic, Kennedy's bare allegations that he

suffers from high blood pressure and kidney disease fail to meet the high burden of establishing

an extraordinary or exceptional circumstance that makes the grant of bail necessary here.

Kennedy offers no documentation, such as medical records, in support of his alleged diagnoses.

Nor does he describe any symptoms that he suffers as a result of his conditions or allege that he

is receiving inadequate medical attention while in custody.  *See Singleton*, 2006 WL 2520581, at

*2 (denying motion for bail to petitioner alleging he needs surgery to remove possibly cancerous

polyps because petitioner's "vague allegations of possible poor health" were not supported by

medical records and petitioner did not allege that prison medical providers were failing to

monitor or treat his conditions).  While Kennedy mentions the COVID-19 pandemic as a

justification for his release, he draws no connection between his specific medical conditions and

a risk of a severe outcome from COVID-19.[2]  Furthermore, Kennedy does not indicate that his

---

[2] While chronic kidney disease appears on the Center for Disease Control's list of conditions that pose an increased risk of severe illness to COVID-19 patients, and high blood pressure is a condition that might place a person at an increased risk of severe illness, Kennedy offers no evidence that his kidney disease is chronic or that he is currently experiencing symptoms or receiving treatment for either condition. *See* Center for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated Dec. 23, 2020).  Without more, the Court cannot determine whether Kennedy's health places him at a particular risk of a severe outcome. *See Singleton*, 2006 WL 2520581, at *2 (explaining

facility is experiencing an outbreak of the virus that would place him at an exceptional risk of contracting COVID-19 or otherwise prevent him from effectively pursuing habeas relief while in custody.[3]

The cases Kennedy cites in his motion for bond are inapposite.  Kennedy's allegations that he has high blood pressure and kidney disease are not comparable to the serious medical conditions at issue in *Johnston*, where an advanced diabetic petitioner was "rapidly progressing toward total blindness" and released directly to the hospital for treatment.  *Johnston*, 227 F. 2d at 529; *see also Landano*, 970 F.2d at 1239 (noting that "the [*Johnston*] decision did not place the prisoner at liberty but instead released him to a hospital for immediate treatment.").  Kennedy's reliance on *Salerno*, a Ninth Circuit case succinctly denying a motion for bail pending petitioner's appeal of an unsuccessful habeas petition, is likewise misplaced.  *See Salerno v. United States*, 878 F.2d 317, 318 (9th Cir. 1989).  Finally, a court in the Eastern District of Michigan granted bail pending the disposition of a habeas petition in *Clark* where the petitioner had offered compelling evidence of actual innocence and was incarcerated in a facility experiencing a COVID-19 outbreak.  *Clark v. Hoffner*, 2020 WL 1703870, at *3-4 (E.D. Mich. Apr. 8, 2020).  Those facts are not present here.

There is simply no indication, from Kennedy's motion and the bare record before the

---

that "speculation of poor health is simply not sufficient" where petitioner filed to provide medical records documenting his diagnosis and treatment).

[3] Petitioner carries the burden to demonstrate that he is entitled to relief and fails to assert that he is housed in a facility experiencing an outbreak.  He has not done so.  And, while information regarding COVID-19 infections in federal facilities is publicly available from the Bureau of Prisons, *see* https://www.bop.gov/coronavirus/, it does not appear that the Pennsylvania Department of Corrections makes such data available on a facility-by-facility basis for state prisons.  *See* Department of Corrections, *COVID-19 and the DOC*, https://www.cor.pa.gov/Pages/COVID-19.aspx.

Court, that granting bail is necessary for Kennedy to effectively pursue his habeas petition.[4]  His

motion will therefore be denied.

An appropriate order follows.


**January 11, 2021**                                          **BY THE COURT:**


*/s/ Wendy Beetlestone*

_____

**WENDY BEETLESTONE, J.**

---

[4] Because Kennedy fails to demonstrate extraordinary or exceptional circumstances that make a grant of bail necessary to effectively litigate his habeas petition, the Court does not reach the issue of whether Kennedy presented a substantial constitutional claim upon which he has a high probability of success. The Government may respond to the merits of Kennedy's habeas petition in a separate filing.